UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 7:05-CV-248-KKC

VERA ANDERSON,
Individually and
as Executrix for the
estate of Burl Anderson,                                                                               PLAINTIFF,


v.                          **MEMORANDUM OPINION & ORDER**


LETCHER COUNTY FISCAL COURT,
THE BOONE FORK SENIOR CITIZENS' CENTER,
KATHY LUCAS, in her individual capacity,
DEDA TILLEY, in her individual capacity,
THE CITY OF FLEMING-NEON,
and UNKNOWN DEFENDANTS, SERVANTS, AGENTS AND
EMPLOYEES of Letcher County, the City of Fleming-Neon and
The Boone Fork Senior Citizens Center,                                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand filed by the Plaintiff. (Rec. No. 5) and the Motion to Dismiss filed by Defendants Kathy Lucas, Deda Tilley and the Boone Fork Senior Citizens Center (Rec. No. 4). For the following reasons, the Motion to Remand is **GRANTED**. Thus, the Court declines to address the Motion to Dismiss due to lack of subject matter jurisdiction over this matter.

The Plaintiff filed a Complaint in Letcher Circuit Court alleging that her husband, Burl Anderson, died as a result of injuries sustained when he fell while visiting the Boone Fork Senior Citizens' Center (the "Center"). In this initial Complaint, the Plaintiff named only the Letcher County Fiscal Court (the "Fiscal Court") as a defendant. The Plaintiff charged the Fiscal Court with negligence. The Plaintiff later amended her complaint to name as defendants the Center; Kathy

Lucas, Director of Senior Citizens' Programs for Letcher County, in her individual capacity; Deda Tilley, Director of the Center, in her individual capacity; the City of Fleming-Neon (the "City"); and certain "unknown defendants."

Plaintiff also amended the Complaint to "make reference to the Americans with Disabilities Act." In her Amended Complaint, Plaintiff alleged that the Defendants had failed to maintain the Center in accordance with the ADA.

The Defendants Kathy Lucas, Deda Tilley and the Center (the "Removing Defendants") removed the action to this Court. In their Notice of Removal, the Removing Defendants stated that the Plaintiff had amended her state court Complaint to allege a cause of action involving or implicating the ADA and that this Court, therefore, had jurisdiction over this action pursuant to 28 U.S.C. § 1331. That statute gives federal courts original jurisdiction over all actions involving claims under the United States Constitution and laws. Cases filed in state court which raise a federal question may be removed to federal court pursuant to 28 U.S.C. § 1441.

This case, however, has been improperly removed. The Plaintiff does not state a claim under the ADA in her Amended Complaint. Instead, she continues to make only a state law negligence claim, citing to the ADA as evidence that a "Step from the Senior Center's Patio to the Adjacent Parking Lot was Negligently and Improperly and Hazardously Designed," as the heading of the section of the Amended Complaint referencing the ADA states.

Further, when a case involves multiple defendants, the "rule of unanimity" requires all properly served defendants to either join or consent to the removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n. 3 (6th Cir.1999). Here, there is no evidence in the record that the City or the Fiscal Court join in the removal or consent to it.

Accordingly, it is hereby ORDERED that:

1) the Motion to Remand (Rec. No. 5) is GRANTED and the Court shall not address the Motion to Dismiss (Rec. No. 4) due to lack of subject matter jurisdiction;

2) this matter is REMANDED to the Letcher Circuit Court; and

3) this matter is STRICKEN from the active docket of this Court.

Dated this 9th day of January, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge